UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| BELLA ALBERGO,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF LAKE ANDES and CHARLOTT R. PESICKA,<br><br>Defendants. | 4:26-CV-04196-CBK<br><br>ORDER |

Plaintiff filed a *pro se* complaint and a motion for leave to proceed *in forma pauperis* without the prepayment of the filing fee. Plaintiff has made the requisite showing under 28 U.S.C. § 1915.

The Prison Litigation Reform Act requires the Court to conduct a preservice review pursuant to 28 U.S.C. § 1915(e)(2)(B) prior to ordering service of the complaint. Carter v. Schafer, 273 F. App'x 581, 582 (8th Cir. 2008) (unpublished) ("the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service"). The Court is required to dismiss a case filed without the prepayment of fees if it determines that the action (1) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted, or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). I am required to give the plaintiff's *pro se* complaint liberal construction and identify any discernable cognizable claim. Solomon v. Petray, 795 F.3d 777, 787 (8th Cir. 2015). I have conducted an initial review as required by § 1915A.

Plaintiff's complaint challenges the issuance of a protection order against her alleging the judge was not impartial, treated plaintiff abusively, and racially discriminated against plaintiff. Plaintiff does not name the judge as a defendant. Plaintiff claims the City of Lake Andes failed to prevent the issuance of the protection order and

that the issuance of the protection order caused her damages in the amount of $250,000,000.

Plaintiff filed a 20-page unsigned supplement setting forth additional claims concerning plaintiff's claim against the City of Lake Andes and setting forth plaintiff's claims that defendant Pesicka may have violated plaintiff's First Amendment rights if the Facebook page moderated by Pesicka is an "official governmental communication forum." Plaintiff also filed 177 pages of exhibits concerning protection order proceedings and plaintiff's Facebook posts.

Any claims set forth in the supplement are not properly before the Court and were submitted in violation of Fed. R. Civ. P. 11. Plaintiff's signed complaint sets forth no claim against defendant Pesicka, other than identifying her as the petitioner of the protection order. Plaintiff's complaint fails to state a claim against defendant Pesicka.

I take judicial notice of the records of the South Dakota Unified Judicial System accessible on the ecourts system. Those records show that Charlotte Pesicka filed a petition and affidavit for a protection order from stalking/physical injury against plaintiff on June 15, 2026, 11TPO26-000035. A hearing was held on July 14, 2026, following which a protection order issued preventing plaintiff from having any contact with the petitioner on social media or personally by direct or indirect means for a period of one year.

Plaintiff claims that the protection order was granted by the judge without evidence of stalking, that the judge who issued the protection order was not fair or impartial and racially discriminated against plaintiff in issuing the protection order. Plaintiff's claims are precluded by the Rooker-Feldman doctrine.[1] "The Rooker-Feldman doctrine provides that, with the exception of habeas corpus petitions, lower federal courts lack subject matter jurisdiction over challenges to state court judgments." Kvalvog v. Park Christian School, Inc., 66 F.4th 1147, 1152 (8th Cir. 2023) (quoting Mosby v.

---

[1] District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983) and Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923).

Ligon, 418 F.3d 927, 931 (8th Cir. 2005)). "If the Rooker–Feldman doctrine applies, federal courts lack subject matter jurisdiction." Riehm v. Engelking, 538 F.3d 952, 964 (8th Cir. 2008).

Plaintiff claims that the protection order was issued in violation of her constitutional right to be free of racial discrimination. In order to prevail on her constitutional claim, plaintiff would have to show that the protection order would not have been issued absent racial discrimination. Her complaint is an attempt to invalidate the protection order by showing that the judge issued the petition, not based upon the facts, but based upon discriminatory animus against plaintiff. "If a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, Rooker–Feldman bars subject matter jurisdiction in federal district court." Riehm v. Engelking, 538 F.3d at 965 (*quoting* Noel v. Hall, 341 F.3d 1148, 1164 (9th Cir.2003)).

Plaintiff does not specifically seek relief from the protection order. She instead seeks $250 million damages for the issuance of the protection order. The relief she requests would necessarily invalidate the protection order. She cannot proceed to do so by way of an action under 42 U.S.C. § 1983.

Plaintiff did not name the judge who issued the protection order as a defendant. Instead, she named the City of Lake Andes as the defendant. "Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort. "In particular, we conclude that a municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 691, 98 S. Ct. 2018, 2036, 56 L. Ed. 2d 611 (1978). Liability attaches under Monel only where "the constitutional violation resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." Mick v. Raines, 883 F.3d 1075, 1079 (8th Cir. 2018) (cleaned up). Plaintiff has not identified any unconstitutional policy, custom, or practice or any facts alleging deliberately indifferent training or supervision by the City of Lake Andes.

The protection order was issued by Magistrate Donna L. Bucher, an employee of the South Dakota Unified Judicial System, assigned to the First Judicial Circuit. https://ujs.sd.gov/court-finder/first-judicial-circuit/circuit-contacts-first-judicial-circuit/. Even if plaintiff had named Magistrate Bucher as a defendant, the complaint against Judge Bucher would

be subject to dismissal under 28 U.S.C. § 1915A(b)(2). Pursuant to the doctrine of judicial immunity, a "judge is immune from suit, including suits brought under section 1983 to recover for alleged deprivation of civil rights, in all but two narrow sets of circumstances." Schottel v. Young, 687 F.3d 370, 373 (8th Cir. 2012). Judicial immunity is overcome only where the alleged actions are "not taken in the judge's judicial capacity" or were "taken in the complete absence of all jurisdiction." Mireles v. Waco, 502 U.S. 9, 11-12, 112 S.Ct. 286, 288, 116 L.Ed.2d 9 (1991). The issuance of a protection order is an action taken in the judge's judicial capacity. There is no allegation that Judge Bucher lacked jurisdiction to issue the protection order.

Based upon the foregoing,

IT IS ORDERED:

1. Plaintiff's motion, Doc. 2, to proceed *in forma pauperis* without the payment of the filing fee is granted.

2. Plaintiff's motion, Doc. 3, for the appointment of counsel is denied.

3. The complaint is dismissed for failure to state a claim.

DATED this 13th of November, 2026.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge